# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **RUTH RIOS VALEEN** § | |
| *Plaintiffs,* § | |
| § | |
| § | CIVIL ACTION NO. _____ |
| VS. § | (JURY TRIAL DEMANDED) |
| § | |
| **UNITED WHOLESALE** § | |
| **MORTGAGE, LLC** § | |
| *Defendants.* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW RUTH RIOS VALEEN, Plaintiff herein complaining of UNITED WHOLESALE MORTGAGE, LLC, Defendant herein, and for cause of action would respectfully show this Honorable Court and Jury as follows:

## I.
## PARTIES

1. Plaintiff RUTH RIOS VALEEN is an individual residing in Harris County, Texas located within the Southern District of Texas

2. Defendant UNITED WHOLESALE MORTGAGE, LLC ("UWM") is a foreign limited liability company with its principal place of business located at 585 South Boulevard E, Pontiac, Michigan 48341. Defendant UWM may be served with citation through its registered agent C T Corporation System located at 1999 Bryan

Street, Suite 900, Dallas, Texas 75201 or wherever it may be found. Citation is requested at this time.

## II.
## JURISDICTION AND VENUE

3. Jurisdiction is proper in that there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1332. Venue is proper pursuant to 28 U.S.C. §§ 1391 in that the events giving rise to the present litigation occurred in Harris County, Texas located within the Houston Division of the Southern District of Texas.

## III.
## FACTUAL BACKGROUND

4. Plaintiff sought to refinance her home loan in that latter portion of 2021. Plaintiff was approved to refinance her home loan and executed all necessary documents on August 9, 2021. UWM became the mortgage lender that would provide mortgage and escrow services for the refinancing of her home located at 4758 Hidden Springs Drive, Houston, Texas 77084.

5. At the time of purchase, it was explained to Mrs. Valeen that she would have one payment due to UWM.  This payment would include not only her mortgage, but also her property taxes and homeowners insurance payment.  The payment for the property taxes and insurance would be debited from her escrow account as they became due.  At the time of signing the refinancing documents, Plaintiff was also provided with an Initial Escrow Disclosure Statement which showed that Plaintiff would begin with a balance of

$4,244.68 in her escrow account and money would be deducted from the account on November 1, 2021 for the payment of her homeowners insurance premium.

6. After Mrs. Valeen's mortgage was opened with UWM, both Plaintiff and her insurance company, Homeowner's of America and/or Derrick Murphy (Ms. Valeen's insurance broker), provided the necessary documentation to ensure that UWM had proper notice of to whom and where the insurance payments would be due.  The first attempt to send the necessary information was made in October.  The second attempt was November 2, 2021.  Attempts were also made on November 4, 9 and 12th.  Not only did Plaintiff make attempts to provide the information, Mr. Murphy provided the information several times in writing. During all calls, Defendant UWM represented to Plaintiff that the necessary payment for homeowners' insurance would be made from the escrow account.  Oddly, on January 4, 2022, UWM overnighted a check to Homeowner's Insurance of America.  At that time, unbeknownst to all parties, the policy had been cancelled by Homeowner's Insurance of America.

7. In the beginning of May 2022, Plaintiff noticed shingles in the yard while doing yard work.  Knowing something must have caused damaged, Plaintiff called a roofing company to perform an inspection.  The representative from the company requested proof of insurance coverage.  When Plaintiff called Homeowner's Insurance of America, she was told that the policy was cancelled due to UWM's failure to make the necessary escrow payments.

8. Plaintiff then initiated a call with both UWM, Homeowners Insurance of America and Derek Murphy on May 5, 2022.  UWM was unable to explain why payment

3

was not made. To add insult to injury, shortly after the May 5, 2022 call, Plaintiff received correspondence from UWM that she was being charged $1,272.00 in July for lapsed insurance coverage from November 2021 to May 2022.

9. Due to the actions of Defendant, Plaintiff has been charged additional fees by Defendant and has been left with a home that needs approximately $65,000.00 in repairs. Plaintiff has been damaged in an amount that exceeds the minimum jurisdictional requirements of this Court.

## IV.
## CAUSES OF ACTION

**A.   BREACH OF CONTRACT**

10. Plaintiff fully incorporates herein by reference the allegations contained above.

11. As a separate and independent cause of action, Plaintiff sues Defendant UWM for breach of contract.

12. Plaintiff entered into a valid contract with Defendant. As Defendant's mortgage servicer, Defendant agreed to maintain Plaintiff's escrow account and make necessary payments to homeowners' insurance and property taxes.

13. Plaintiff fully performed her obligations under the contract. Plaintiff sought out and purchased homeowners insurance. Defendant then failed to make the necessary payment once Defendant was placed on notice.

14. Defendant UWM breached the contract, without legal excuse, to perform all promises that for all or part of the agreement.

15. As a result of Defendant's breach of contract, Plaintiff has sustained financial harm and lost the benefits expected be received from the contract if Defendant had performed as promised.

**B.    BREACH OF FIDUCIARY DUTY**

16. Plaintiff incorporates the previous paragraphs as if set forth below verbatim.

17. As a separate and independent cause of action, Plaintiff sues Defendant UWM for a breach of fiduciary duty owed to Plaintiff by Defendant.

18. Plaintiff and Defendant had a fiduciary duty as Defendant was the mortgage service and/or the escrow agent for the account of Plaintiff. Defendant had a duty to make necessary payments to Plaintiff's insurance company. Defendant had a duty to act with good faith to Plaintiff. Furthermore, Defendant represented to Plaintiff that the payments would be made.

19. Defendant also owed Plaintiff a fiduciary duty to protect Plaintiff's escrow payments and make payments to only those entitled to the funds. Defendant paid a payment to an unknown insurance company in July of 2022. This payment was not for the benefit of Plaintiff and should not have been charged to Plaintiff due to the fault of Defendant UWM.

20. Defendant breached said fiduciary duties and said breach proximately caused Plaintiff's injuries.

21. By reason of the above and foregoing, the Plaintiff has been damaged in a sum within the jurisdictional limits of this Court.

**C. CONVERSION**

22. Plaintiff incorporates the previous paragraphs as if set forth below verbatim.

23. As a separate and independent cause of action, Plaintiff sues Defendant UWM for conversion.

24. The Plaintiff had the immediate right to possession of funds in Plaintiff's escrow account as Plaintiff had a present interest.

25. Plaintiff's money was Plaintiff's personal property.

26. Defendant wrongfully exercised dominion or control over the property by removing said funds from Plaintiff's escrow account.

27. By reason of the above and foregoing, the Plaintiff has been damaged in a sum within the jurisdictional limits of this Court.

**D. MONEY HAD AND RECEIVED**

28. Plaintiff incorporates the previous paragraphs as if set forth below verbatim.

29. Defendant held money for Plaintiff in escrow. Defendant wrongfully removed said funds from the balance of Plaintiff's escrow account and that money is owed to Plaintiff in equity and good conscience.

30. By reason of the above and foregoing, the Plaintiff has been damaged in a sum within the jurisdictional limits of this Court.

### E.   NEGLIGENT MISREPRESENTATION

31. As a separate and independent cause of action, Plaintiff sues Defendant for negligent misrepresentation.

32. Defendant made a representation to Plaintiff in the course of Defendants business or in a transaction which the Defendant had a pecuniary interest. On several occasions, Defendant represented to Plaintiff that Defendant would make and/or had made the necessary payment to the homeowners insurance company that Plaintiff procured and placed Defendant on notice of.

33. Defendant failed to use reasonable care in obtaining or communicating the information and Plaintiff was justified to rely on Plaintiff.

34. Defendant's negligent misrepresentation proximately caused Plaintiff's injuries in a sum within the jurisdictional limits of this Court.

### F.   COMMON LAW FRAUD

32. As a separate and independent cause of action, Plaintiff sues Defendant for common law fraud.

33. Defendant made a representation to Plaintiff. On several occasions, Defendant represented to Plaintiff that Defendant would make and/or had made the necessary payment to the homeowners insurance company that Plaintiff procured and placed Defendant on notice of.

34. The representation was false and Defendant either knew the representation was false and/or made said recklessly, as a positive assertion and without knowing its truth.

35. Defendant made said representation with the intent Plaintiff relied on it and Plaintiff in fact did rely upon the representation.

36. Defendant's fraudulent representation proximately caused Plaintiff's injuries in a sum within the jurisdictional limits of this Court

## V.
## VICARIOUS LIABILITY

37. Whenever in this Complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's agents, officers, servants, principals, vice principals, borrowed servants, employees and/or representatives did such act or thing and that at the time such act or thing was done, it was done with the authorization and/or ratification of Defendant UWM and/or was done in the normal and routine course and scope of Defendants' officers, agents, servants, principals, vice principals, borrowed servants, employees and/or representatives' duty and/or capacity. Defendant UWM are vicariously liable for the acts of its officers, agents,

servants, principals, vice principals, borrowed servants, employees or/and representatives because of the employer-employee and/or principal/vice principal relationship, *respondeat superior*, ostensible agency and/or agency by estoppel, and/or the borrowed servant doctrine.

## VI.
## DAMAGES

38. This is an action to recover all damages provided by law and/or equity for the injuries and damages Plaintiff sustained as a result of the acts and/or omissions of Defendant and its officers, agents, partners, servants, principals, vice principals, borrowed servants, employees and/or representatives.

39. As a result of the occurrence in question, Plaintiff has sustained damages due to the lack of insurance coverage to pay for damages to Plaintiff's property that should have been covered. Furthermore, Plaintiff incurred a charge of approximately $1,300.00 that should not have been applied to Plaintiff's escrow account.

40. The Plaintiff has sustained various elements of damage, including those specified above, but not limited to those specified above, and the Plaintiff herein reserves the right to plead more specifically and to show more specifically at trial all of those elements of damage.

## VII.
## ATTORNEY FEES

41. As a result of Defendant's conduct, Plaintiff has been compelled to retain the law firm of Vij & Krell PLLC to bring this claim. Plaintiff asks this Honorable Court to award to them, as provided by Texas Civil Practice and Remedies Code § 38.001 and as otherwise allowed by law or the causes of action herein, reasonable and necessary attorney fees, expert witness fees and all costs of court.

## VIII.
## JURY DEMAND

42. Plaintiff hereby request a jury trial and tenders the requisite jury fee.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff request that Defendant be cited to appear and answer, and that Plaintiff have judgment against the Defendant as follows:

1. Judgment against the Defendants for a sum established by proof at trial that is within the jurisdictional limits of this Court;

2. Actual damages;

3. Attorney fees and cost of court;

4. Prejudgment interest as provided by law;

5.   Post judgment interest as provided by law; and

6.   All other damages, general and special, in law and in equity to which Plaintiff may show themselves justly entitled.

>   Respectfully submitted,
>
>   **VIJ & KRELL, PLLC.**
>
>   */ s / L. James Krell*
>   L. James Krell
>   Federal Bar No. 1091708
>   State Bar No. 24072191
>   james@vijkrell.com
>   1110 East NASA Parkway, Suite 400
>   Houston, Texas 77058
>   (346) 547-0100 Telephone
>   (281) 371-6533 Facsimile
>   ATTORNEY FOR PLAINTIFF